IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVE L. GARRETT and<br>M. GWEN GOINS, individually, and<br>on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UMB BANK, N.A.,<br><br>Defendant. | Case No. 4:19-cv-00369<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Steve L. Garrett and M. Gwen Goins ("Plaintiffs"), individually, and on behalf of all others similarly situated, bring this Complaint against UMB Bank, N.A. ("Defendant"), and hereby state and allege as follows:

## INTRODUCTION

1. Defendant is a national banking association that provides comprehensive banking solutions, including mortgage services, through its banking centers across the country.

2. Defendant's policy and practice is to deny earned wages to its mortgage loan originators. Specifically, Defendant requires its mortgage loan originators to perform work in excess of forty (40) hours per week, but fails to pay them overtime by misclassifying all such employees as exempt from the Fair Labor Standards Act's ("FLSA") overtime requirements.

3. Defendant's illegal classification of its mortgage loan originators as exempt from the overtime requirements results in Defendant violating the FLSA.

4. Plaintiffs bring a collective action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, and related penalties and damages on behalf of all mortgage

1

loan originators who are working or have worked for Defendant in the last three years and were classified as exempt.

5. Defendant's practice and policy is to willfully fail and refuse to properly pay overtime compensation due Plaintiffs, and all other similarly situated employees, who work or worked as mortgage loan originators. Defendant required mortgage loan originators to work for straight commissions or draw against commissions, but failed to pay them overtime for their work. Defendant's conduct is a direct violation of the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

6. The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, or has done business, in this district and the unlawful conduct giving rise to the claims in part occurred in this district

## PARTIES

8. Plaintiff Steve L. Garrett ("Garrett") currently resides in Grandview, Missouri. From approximately February 2016 to September 2018, Plaintiff Garrett was employed by Defendant as a mortgage loan originator at its branch located at 1310 Carondelet Drive, Kansas City, Missouri 64114. Plaintiff Garrett's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

9. Plaintiff M. Gwen Goins ("Goins") currently resides in Lee's Summit, Missouri. From approximately April 2017 to August 2018, Plaintiff Goins was employed by Defendant as a

mortgage loan originator at its branch located at 401 NE Rice Road, Lee's Summit, Missouri 64086. Plaintiff Goins' Consent to Join pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B.

10. Defendant, a subsidiary of UMB Financial Corporation, is a national banking association chartered and examined by the Comptroller pursuant to the National Bank Act of 1864, 12 U.S.C. § 1, *et seq*. Defendant has its principal place of business in the State of Missouri.

11. At all relevant times, Defendant was the employer of Plaintiffs, and all other similarly situated employees.

## **FACTS**

12. Plaintiffs re-allege the allegations set forth above.

13. Upon information and belief, Defendant employs numerous mortgage loan originators in the places where it does business.

14. Plaintiffs and all similarly situated persons are current and former mortgage loan originators employed by Defendant.

15. All mortgage loan originators employed by Defendant over the last three years had essentially the same job duties.

16. The primary job duties of mortgage loan originators are to communicate with potential customers and originate mortgage loan products.

17. In performing their duties, mortgage loan originators spend virtually all of their working time inside their employer's office environment and not at their customers' homes or places of business.

18. Mortgage loan originators also spend considerable time and energy engaged in clerical tasks associated with loan processing.

3

19. If a customer indicates interest in obtaining a mortgage through Defendant, a loan originator collects information to complete a loan application and forwards the application to a loan underwriter for approval.

20. Mortgage loan originators have no authority or discretion to approve or disapprove a loan.

21. During the past three years, mortgage loan originators regularly worked far in excess of 40 hours per week.

22. Mortgage loan originators are compensated by commission or draw against commission and do not receive a salary.

23. Mortgage loan originators are not compensated for any of the substantial overtime hours they worked.

24. Mortgage loan originators are not required to record their time worked, and Defendant failed to maintain accurate time records as required by the FLSA.

25. At all relevant times, Defendant has been, and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and/or continues to employ, "employee[s]," including Plaintiffs and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

26. Defendant classified all mortgage loan originators as exempt, and thus not entitled to receive overtime. Instead of a salary, Defendant paid its mortgage loan originators straight commissions and/or draws against commissions.

4

Case 4:19-cv-00369-BP    Document 1    Filed 05/08/19    Page 4 of 9

27. In addition to not being paid on a salary basis, the job duties of mortgage loan originators do not qualify for any exemption under the FLSA or its regulations. Specifically, mortgage loan originators (1) do not regularly supervise the work of two or more employees, (2) do not exercise discretion and independent judgment as to matters of significance or perform office work related to Defendant's general business operations or its customers, (3) have no advanced knowledge in a field of science or learning which requires specialized instruction that is required to perform the job, and (4) are not customarily and regularly engaged away from the employer's place or places of business.

28. All mortgage loan originators are similarly situated in that they share common job duties and descriptions, and all are subject to Defendant's policy and practice that designates them as exempt and thus they all perform work without overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs re-allege the allegations set forth above.

30. Plaintiffs bring the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Defendant's practice of failing to accurately record all hours worked and failing to pay mortgage loan originators for all overtime hours worked.

31. The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because those employees have been or are employed in the same or similar position as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

# COUNT I

## Violation of the FLSA – Overtime Claims

### (Brought by Plaintiffs, Individually, and On Behalf of All Others Similarly Situated)

32. Plaintiffs re-allege the allegations set forth above.

33. At all times material herein, Plaintiffs and the putative class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et. seq*.

34. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

35. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

36. Defendant willfully violated the FLSA by failing to pay mortgage loan originators overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by mortgage loan originators.

37. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under § 7(a)(1) of the FLSA. None of the FLSA exemptions apply to mortgage loan originators, including Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with § 7 of the FLSA.

38. Plaintiffs and all similarly situated employees are all classified as exempt employees and are victims of a uniform and company-wide compensation policy. Defendant compensates all of them by paying them a straight commission or draw against commission. This uniform policy, in violation of the FLSA, has been applied to all mortgage loan originators.

39. Plaintiffs and all similarly situated employees do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

40. All mortgage loan originators working for or who have worked for Defendant are similarly situated in that they all perform or performed essentially the same respective job functions.

41. All mortgage loan originators are similarly situated in that they are or were all subject to Defendant's same compensation policy, plan, or procedure that requires or required them to perform work and/or requires or required them to be present at work while compensating them on a straight commission or draw against commission without paying them overtime. This denies them compensation for services performed, and denies them their overtime compensation. Defendant's conduct violates the FLSA.

42. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited.

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation have been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

45. WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendant, and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by § 16(b) of the FLSA; (4) pre-judgment and post- judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of all issues so triable.

Dated: May 8, 2019

Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By: /s/ Ryan L. McClelland
Ryan L. McClelland, MO Bar #59343
Michael J. Rahmberg, MO Bar #66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2019, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

                              By:     /s/ Ryan L. McClelland

                              ATTORNEY FOR PLAINTIFFS