## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| STEVE L. GARRETT and<br>M. GWEN GOINS, individually, and<br>on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>UMB BANK, N.A.,<br><br>       Defendant. | Case No. 4:19-cv-00369-ODS |

## SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION PURSUANT TO 29 U.S.C. § 216(b)

Plaintiffs and other similarly situated current and former UMB Bank mortgage loan originators have been illegally denied overtime pay. Conditional certification of this lawsuit as a collective action and resulting notice to potential plaintiffs is essential because each day that notice does not go out to potential plaintiffs constitutes another day that has been lost under the statute of limitations. This is especially true in this case because UMB Bank has already engaged in remediation efforts. Courts routinely order conditional certification of a collective action at an early stage for this very reason. This Court likewise should grant Plaintiffs' motion for conditional certification and authorize that notice be sent to all similarly situated employees.

## I.      INTRODUCTION

This is a § 216(b) collective action brought pursuant to the Fair Labor Standards Act ("FLSA") on behalf of current and former mortgage loan originators employed by UMB Bank, N.A. (hereinafter referred to as "UMB Bank" or "Defendant"). UMB Bank required its mortgage loan originators (also called mortgage loan officers or "MLOs") to perform work in excess of forty (40) hours per week, but failed to pay them overtime by misclassifying all such employees as

exempt from the FLSA's overtime requirements. It also uniformly failed to keep records of the hours that its mortgage loan originators worked. These acts constitute clear violations of the FLSA. Because all UMB Bank mortgage loan originators are similarly situated, certification of this case as an FLSA collective action is warranted.

Courts inside and outside this Circuit have consistently certified collective actions in loan officer cases like this one. *See Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005); *McCauley v. First Option Mortg., LLC*, 2010 WL 3522316 (E.D. Mo. Sept. 2, 2010); *Kennedy v. Boulevard Bank*, 2012 WL 3637766 (E.D. Mo. Aug. 22, 2012); *McCallister v. First Banks, Inc.*, No. 4:13CV561 HEA (E.D. Mo. Mar. 13, 2014).[1]

Importantly, immediate certification of this case as a collective action is essential because the statute of limitations continues to run against individual mortgage loan originators who have not opted into this lawsuit. But the vast majority of potential plaintiffs will not even know about this lawsuit (and their rights to opt in) until the Court authorizes notice to be sent to them. Every day that goes by without this case being certified (and the resulting notice sent) is a day that potential plaintiffs may be losing the overtime compensation that is rightly theirs. Certification and notice to potential plaintiffs will ensure their rights are protected and that their claims (should they choose to pursue them) do not continue to waste away.

---

[1] *See also Jancich v. Stonegate Mortg. Corp.*, 2012 WL 380287, at *2 (D. Kan. Feb. 6, 2012); *Kelly v. Bank of Am.*, 2011 WL 4526674, at *2 (N.D. Ill. Aug. 30, 2011); *Lewis v. The Huntington Nat'l Bank*, 2011 WL 1990567, at *3 (S.D. Ohio May 23, 2011); *Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 248 (S.D.N.Y. 2010); *Vaughan v. Mortg. Source LLC*, 2010 WL 1528521, at *4-8 (E.D.N.Y. Apr. 14, 2010); *Robinson v. Empire Equity Group, Inc.,* 2009 WL 4018560, at *3 (D.Md. Nov. 18, 2009); *Garcia v. Freedom Mortg. Corp.*, 2009 WL 3754070, at *3-6 (D.N.J. Nov. 2, 2009); *McCaffrey v. Mortg. Sources, Corp.*, 2009 WL 2778085, at *4 (D. Kan. Aug. 27, 2009); *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 995-98 (C.D. Cal. 2008); *Underwood v. NMC Mortg. Corp.*, 245 F.R.D. 720, 723 (D. Kan. 2007); *In re Wells Fargo Home Mortg. Overtime Pay Litig.,* 527 F.Supp.2d 1053, 1071 (N.D. Cal. 2007); *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335-36 (M.D. Fla. 2007); *Perry v. National City Mortg.*, 2007 WL 1810472, at *3-4 (S.D. Ill. June 21, 2007).

2

Like the majority of federal courts, courts in this District have adopted a lenient standard for issuing conditional certification and notice under § 216(b), which "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Kautsch v. Premier Communc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Plaintiffs have met this standard, and more, by making allegations and producing substantial evidence that UMB Bank's mortgage loan originators work under similar conditions and are (or were) subjected to a general practice and policy denying them overtime pay.

Plaintiffs respectfully request that the Court authorize notice as soon as possible.

## II.     STATEMENT OF FACTS

1.     UMB Bank is a national banking association that provides comprehensive banking solutions, including mortgage services, through its banking centers across the country. *See* Plaintiffs' Complaint, ¶ 1 (attached as Ex. A). UMB Bank admits it is a financial services organization that provides a variety of financial services through locations in eight states. *See* Defendant's Answer and Affirmative Defenses, ¶ 1 (attached as Ex. B).

2.     UMB Bank employs mortgage loan originators in the places where it does business. Ex. A, ¶ 13. UMB Bank admits that it has employed, and continues to employ mortgage loan originators (or "MLOs"). Ex. B, ¶ 13.

3.     The primary job duties of a UMB Bank mortgage loan originator is to communicate with potential customers and originate mortgage loan products. Ex. A, ¶ 16; Declaration of Steve E. Garrett, ¶ 5 (attached as Ex. C); Declaration of M. Gwen Goins, ¶ 5 (attached as Ex. D). UMB Bank admits that MLOs performed some of the same job duties, including communicating with customers and originating mortgage loan products. Ex. B, ¶ 16.

3

4.      UMB Bank mortgage loan originators perform their sales duties from inside UMB Bank's office locations, and do not customarily or regularly make sales away from their place of employment.  Ex. A, ¶ 17; Ex. C, ¶ 7; Ex. D, ¶ 7.

5.      If a customer indicates interest in obtaining a mortgage through UMB Bank, the mortgage loan originator collects information to complete a loan application and forwards the application to a loan underwriter for approval.  Ex. A, ¶ 19; Ex. C, ¶ 5; Ex. D, ¶ 5.  UMB Bank admits that MLOs collect information and forward information to others, including underwriters.  Ex. B, ¶ 19.

6.      UMB Bank mortgage loan originators do not have authority or discretion to approve or disapprove loans.  Ex. A, ¶ 20; Ex. C, ¶ 6; Ex. D, ¶6.

7.      All mortgage loan originators employed by UMB Bank have essentially the same job duties.  A standard job description was provided to all mortgage loan originators.  UMB mortgage loan originators frequently communicated and participated in the same regular sales calls, where they discussed their job duties and responsibilities, challenges, and solutions.  UMB mortgage loan originators were on the same e-mail chains from management pertaining to loan production and performance.  Ex. A, ¶ 15; Ex. C, ¶ 8; Ex. D, ¶8.  UMB Bank admits that MLOs performed some of the same job duties.  Ex. B, ¶ 15.

8.      UMB Bank classifies mortgage loan originators as exempt, and thus not entitled to receive overtime pay.  Ex. A, ¶ 26; Ex. C, ¶ 9; Ex. D, ¶ 9.

9.      UMB Bank mortgage loan originators are compensated by commission or draw against commission and do not receive a salary.  Ex. A, ¶¶ 2, 26; Ex. C, ¶ 14; Ex. D, ¶ 14.  UMB Bank admits that Plaintiffs and other MLOs were paid commissions, or draws against commissions.  Ex. B, ¶ 22.

4

10.     UMB Bank mortgage loan originators have routinely worked more than 40 hours per week.  Ex. A, ¶ 21; Ex. C, ¶ 12-13; Ex. D, ¶ 12-13.

11.     UMB Bank, however, has not compensated them for all of their overtime hours worked.  Ex. A, ¶ 23; Ex. C, ¶ 9-13; Ex. D, ¶ 9-13.

12.     UMB Bank also has not maintained records of the time, including overtime, their mortgage loan originators worked.  Ex. A, ¶ 24; Ex. C, ¶ 9-13; Ex. D, ¶ 9-13.

13.     On January 18, 2018, UMB Bank's National Mortgage Sales Manager, Matt Moore, sent an e-mail to Plaintiff Garrett, Plaintiff Goins, and Desiree Parsons (another mortgage loan originator working from a UMB Bank branch office in Phoenix, Arizona), and stated: "Starting at the first of this year **all of you have been changed over to hourly instead of salary.** Please go into "My Data" and fill out the timesheet.  Just put in 8 hours for each and hit submit. This will have to be repeated at the end of each week.  **You are the 3 remaining that haven't done it.**"  (emphasis added).  Ex. C, ¶ 15; Ex. D, ¶ 15.

14.     In early 2018, UMB Bank reclassified its mortgage loan originators from salaried employees to non-exempt hourly employees.  Ex. C, ¶ 16; Ex. D, ¶ 16.

## III.     PROPOSED FLSA COLLECTIVE DEFINITION

Pursuant to 29 U.S.C. 216(b), Plaintiffs seek conditional certification of the following collective:  All current and former mortgage loan originators who worked for Defendant at any time from three years prior to the filing of the Complaint through the present.

## IV.     ARGUMENT

### A.     Plaintiffs' FLSA Claims Should be Conditionally Certified.

The Fair Labor Standards Act ("FLSA") provides a private right of action to recover damages for violations of the FLSA's overtime provisions.  29 U.S.C. § 201 *et seq.*  Sections 206

5

Case 4:19-cv-00369-BP     Document 12     Filed 07/03/19     Page 5 of 11

and 207 of the FLSA require that employers pay employees a regular hourly rate for up to forty hours per week and pay overtime compensation at a rate at least one and one-half times the regular rate for hours worked in excess of forty. 29 U.S.C. §§ 206, 207(a)(1). To ensure compliance, employers are required to create and maintain accurate records of all hours worked by employees. 29 U.S.C. § 211(c). A plaintiff may bring suit under the FLSA "for and in behalf of himself … and other employees similarly situated." *Uwaeke v. Swope Cmty. Enterprises, Inc.*, No. 12-1415-CV-W-ODS, at *2 (W.D. Mo. July 10, 2013) (Smith, J.). However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. (citing 29 U.S.C. § 216(b)).

Plaintiffs seek collective action certification to pursue claims against UMB Bank for violating the FLSA's requirement to pay its mortgage loan originators overtime compensation, and authorization to send notice of this lawsuit to similarly situated mortgage loan originators under § 216(b). *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989) (Section 216(b) authorizes the Court to order that notice be given to "similarly situated" employees). Court-authorized notice avoids disputes over the content of the notice, prevents proliferation of multiple individual lawsuits, assures that joinder of additional plaintiffs is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 171-72. Because the statute of limitations is not tolled for putative class members until they file a consent to join the action, 29 U.S.C. § 216(c), the decision to send notice is typically made early in the case. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

### 1. *Conditional Certification of Plaintiffs' FLSA Claims is Governed by a Lenient Standard.*

The Eighth Circuit has not adopted a standard for evaluating conditional certification of a collective action, but many district courts in this Circuit have used the analysis adopted by the

6

Fifth Circuit. *Uwaeke*, No. 12-1415-CV-W-ODS, at *2; *Kautsch*, 504 F. Supp. 2d at 688 (collecting cases). "Under this two-step process, the plaintiff first moves for class certification for notification purposes … At this early stage of the litigation, the Court does not reach the merits of the plaintiff's claims. Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" *Uwaeke*, No. 12-1415-CV-W-ODS, at *2 (citing *Kautsch*, 504 F. Supp. 2d at 688). "At the second step of the process, the defendant may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." *Id*.

"Because the decision at this stage is made with limited information and is conditional in nature, a plaintiff's burden is not onerous. There is no need to show that the would-be members are identical. It is sufficient if the plaintiff presents *some* evidence demonstrating the class members are similar in important respects, most notably by demonstrating they are subjected to similar policies or circumstances." *Uwaeke*, No. 12-1415-CV-W-ODS, at *2 (citations omitted). Conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Kautsch*, 504 F. Supp. 2d at 689. This "lenient standard generally results in conditional certification of a representative class[.]" *Polzin v. Schreiber Foods, Inc.*, No. 10-1117-CV-SW-GAF, at *9 (W.D. Mo. Aug. 15, 2011); *Chapman v. Hy-Vee, Inc.*, No. 10-CV-6128-W-HFS, at *3 (W.D. Mo. Mar. 29, 2012) ("conditional certification of a representative class is generally granted"). Any doubts in the notice stage should favor granting of conditional certification. *Polzin*, No. 10-1117-CV-SW-GAF, at *9.

### 2. *Plaintiffs Have Satisfied the Lenient First-Tier Standard.*

Plaintiffs have made the requisite modest factual showing and provided this Court a reasonable basis for the allegation that a class of similarly situated persons exists. Plaintiffs'

7

Case 4:19-cv-00369-BP   Document 12   Filed 07/03/19   Page 7 of 11

motion is supported by signed declarations of two mortgage loan originators who worked at two separate UMB Bank branch offices. The declarants' statements are consistent – UMB Bank did not pay overtime, even though its mortgage loan originators regularly worked more than 40 hours per week. Based on personal observations and conversations, the declarants state all of their co-workers (who also held the title of mortgage loan originator) were treated similarly. The evidence shows that UMB Bank's mortgage loan originators: (1) participated in regular sales calls where they discussed their job duties and responsibilities; (2) were subject to the same compensation plan – commissions or draws against commissions with no salary; and (3) routinely worked in excess of 40 hours per week, but were not compensated for any overtime hours worked. Furthermore, a written communication from UMB Bank's National Mortgage Sales Manager is consistent with a uniform compensation policy that was subsequently changed in early 2018. This evidence demonstrates that the class of employees on behalf of whom this "opt-in" collective action is brought is similarly situated because all were employed in the same or similar positions, under a uniform and company-wide policy, and subject to the same or similar unlawful practice by UMB Bank concerning overtime work without pay.

In this case, Plaintiffs have met their minimal burden "by making a modest factual showing sufficient to demonstrate that they and the potential plaintiffs together were victims of a common policy or plan that violated the law." *Kautsch*, 504 F. Supp. 2d at 689. Accordingly, Plaintiffs respectfully request that the Court authorize notice.

**B.     Court-Authorized Notice is Appropriate in This Case.**

Once a court has conditionally certified a class, the plaintiff may proceed to notify putative class members of their right to "opt in" and participate in the pending litigation. *Harger v. Fairway Mgmt., Inc.*, No. 2:15-cv-04232-NKL, at *8 (W.D. Mo. June 8, 2016). In addition to an order

conditionally certifying this action, Plaintiffs also ask that the Court authorize notice be sent to each member of the putative collective.[2] The Court has "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties." *Hoffman-La Roche*, 493 U.S. at 171. "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed." *Id*. at 172.

Plaintiffs propose the following procedure for notifying putative collective action members about the pending action: (1) require Defendant to produce the following information for all putative collective action members in a Microsoft Excel document within fourteen days of the Court's Order on this motion: (a) full name; (b) last known address; (c) last known phone number; (d) last known e-mail address; (e) date(s) of employment; and (f) location(s) of employment; (2) approve the FLSA Collective Notice and Consent Form ("Notice") attached hereto as Exhibit E; (3) require that the Notice be mailed via first-class mail and electronic mail to putative collective action members within 45 days of the Order, and setting a 90-day opt-in period (after the mailing of the Notice) for those persons to opt-in; (4) require the posting of the Notice in conspicuous locations at Defendant's office locations where putative collective action members are employed (including break room bulletin boards or bulletin boards where job notices are posted) during the

---

[2] The statute of limitations for FLSA claims is two years unless a defendant's conduct was willful, in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). Whether a defendant's FLSA violations were willful concerns the merits of an action and are not properly entertained at the first stage of conditional certification. *See Kautsch*, 504 F. Supp. 2d at 690 (declining to evaluate willfulness at the notice stage); *Speer v. Cerner Corp.*, No. 14-0204-CV-W-FJG, at *17-18 (W.D. Mo. Mar. 30, 2016) (collecting cases holding that "where there is a dispute as to whether willful violations occurred, courts in this district find certification of a three-year class is appropriate"). Furthermore, at the notice stage, "justice is most readily served by notice reaching the largest number of potential plaintiffs." *Kautsch*, 504 F. Supp. 2d at 690. Therefore, at this stage, a three-year statute of limitations is appropriate for notice purposes.

opt-in period; and (5) allow two reminder notices to putative collective action members at least 30 days before the opt-in deadline.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court grant this motion for conditional certification and issue an Order:

1. Conditionally certifying the FLSA Collective as defined above;

2. Appointing Plaintiffs Steve L. Garrett and M. Gwen Goins as collective action representatives;

3. Appointing McClelland Law Firm, P.C. as counsel for the putative collective action members;

4. Ordering Defendant to produce the following information for all putative collective action members in a Microsoft Excel document within fourteen (14) days of the Court's Order on this motion: (a) full name; (b) last known address; (c) last known phone number; (d) last known e-mail address; (e) date(s) of employment; and (f) location(s) of employment;

5. Approving the FLSA Collective Notice and Consent Form ("Notice") attached hereto as Exhibit E;

6. Ordering that the Notice be mailed via first-class mail and electronic mail to putative collective action members within 45 days of the Order, and setting a 90-day opt-in period (after the mailing of the Notice) for those persons to opt-in;

7. Ordering the posting of the Notice of the pending suit in conspicuous locations at Defendant's office locations where putative collective action members are employed (including break room bulletin boards or bulletin boards where job notices are posted) during the opt-in period;

8. Allowing two reminder notices to putative collective action members at least 30 days before the opt-in deadline; and

9. Granting such further relief as the Court deems appropriate.

Dated: July 3, 2019 Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By:  /s/ Ryan L. McClelland
     Ryan L. McClelland, MO Bar #59343
     Michael J. Rahmberg, MO Bar #66979
     The Flagship Building
     200 Westwoods Drive
     Liberty, Missouri   64068-1170
     Telephone:     (816) 781-0002
     Facsimile:     (816) 781-1984
     ryan@mcclellandlawfirm.com
     mrahmberg@mcclellandlawfirm.com

     ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By:  /s/ Ryan L. McClelland

     ATTORNEY FOR PLAINTIFFS